# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO.1:09cv352

| | | |
|---|---|---|
| **DEBORAH EZZELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OF** |
| **vs.** | ) | **DECISION AND ORDER** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for

Attorney's Fees Under the Equal Access to Justice Act and the Social

Security Act.  [Doc. 13].

## I.    PROCEDURAL HISTORY

The Plaintiff Deborah Ezzell initiated this action on September 4,

2009, seeking review of the denial of his claim for benefits by the

Defendant Michael J. Astrue, Commissioner of Social Security

("Commissioner") under the Social Security Act.  [Doc. 1].  The

Commissioner filed an Answer to the Plaintiff's Complaint on December 29,

2009.  [Doc. 6].  Thereafter, the Plaintiff filed a motion for summary

judgment on the basis of the administrative record.  [Doc. 8].  The

Government in response consented to remand.  [Doc. 10].  On June 1,

2010, the Court entered an Order remanding the case to the Commissioner

pursuant to sentence four of 42 U.S.C. § 405(g).  [Doc. 11].

The Plaintiff now moves for an award of attorney's fees pursuant to

the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") in the

amount of $4,781.70.  In response, the Government states that it does not

opposed an attorney's fee of this sum payable directly to Plaintiff, subject to

the provisions for offset for existing debts to the federal government. [Doc.

15].

## II.    ANALYSIS

Under the EAJA, the Court must award attorney's fees to a prevailing

party in a civil action brought against the United States unless the Court

finds that the Government's position was "substantially justified" or that

"special circumstances" would make such an award unjust.  28 U.S.C. §

2412(d)(1)(A).  Because the Court ordered this case be remanded to the

Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff

is properly considered a "prevailing party" in this action.  See Shalala v.

<u>Schaefer</u>, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

In the present case, the Commissioner does not contest the Plaintiff's request for fees.  In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that its position was substantially justified or that special circumstances exist that would render an award of attorney's fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorney's fees under the EAJA.

Having determined that the Plaintiff is entitled to an award, the Court now turns to the issue of the amount of fees to be awarded.  The parties have agreed that the Plaintiff should be awarded a total of $4,781.70 in attorney's fees.  In support of this request, the Plaintiff references the Consumer Price Index for March 1996 and June 2010, respectively, and attaches affidavits of counsel and billing records detailing the hours claimed by counsel in preparing this case.  [Docs. 13 and 13-1].

Under the EAJA, an award of attorney's fees must be "reasonable," both with respect to the hourly rate charged and the number of hours claimed.  See <u>Hyatt v. Barnhart</u>, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)).  The Court has broad discretion to determine

what constitutes a reasonable fee award.  See 28 U.S.C. § 2412(b); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam).

With regard to an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines  that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii).  The decision to grant an upward adjustment of this statutory cap is a matter within the Court's sound discretion.  Payne v. Sullivan, 977 F.2d 900, 901 (4th Cir. 1992).

The Consumer Price Index data published by the Bureau of Labor Statistics reflects that the cost of living increased from 155.7 in March 1996, the date that the statutory rate of $125 per hour was established, to 217.97 in June 2010, the date of the Court's Judgment remanding this case, an increase of 39.9%.  The Court finds that this increase in the cost of living justifies a corresponding increase in the hourly rate in this case. The Court further finds that this higher hourly rate is consistent with the prevailing market rates for services charged by lawyers of similar talents

and experience in this District.  Accordingly, the Court concludes that the Plaintiff is entitled to an award of attorney's fees based upon an hourly rate of $174.99.

Furthermore, upon careful review of counsel's time sheets and affidavits, the Court finds that the number of hours claimed by the Plaintiff's attorneys and paralegal staff are reasonable.  Based upon a reasonable hourly rate of $174.99 per hour for 27.6 attorney hours spent, the Court concludes that the Plaintiff's requested fee is justified.

The Plaintiff requests that the fee award be paid directly to his attorney.  [Doc. 13].  In support of this request, the Plaintiff submits an executed assignment purporting to assign any and all EAJA fees to which he is entitled to his attorneys.  [Doc. 13-2].

Very recently, a split[1] among the federal circuits as to whether EAJA fees may be awarded directly to a prevailing party's attorney was resolved

---

[1]The 4th, 10th and 11th Circuits held that EAJA fees are payable only to the prevailing claimant, and thus, such fees are subject to administrative offset for any other non-tax debts that the claimant owes to the Government.  See Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 137 (4th Cir. 2009), Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir.), cert. denied, 129 S.Ct. 724, 172 L.Ed.2d 730 (2008); Manning v. Astrue, 510 F.3d 1246, 1252 (10th Cir. 2007), cert. denied, 129 S.Ct. 486, 172 L.Ed. 355 (2008).  The 6th and 8th Circuits held that EAJA fees may be awarded directly to the prevailing party's attorney and cannot be used to offset the claimant's debt.  See Ratliff v. Astrue, 540 F.3d 800, 802 (8th Cir. 2008), cert. granted, – S.Ct. –, 2009 WL 1146426 (Sep. 30, 2009); King v. Comm'r of Soc. Sec., 230 F. App'x 476, 481 (6th Cir. Mar. 28, 2007).

by the U.S. Supreme Court in <u>Astrue v. Ratliff</u>, 560 S.Ct.—, 2010 WL

2346547 (June 14, 2010).    It may not; the unanimous Court clarified that

the "prevailing party" entitled to benefits under the EAJA is the claimant,

not his attorney.  <u>Astrue</u> at *4-7.  The Court also specified that the EAJA

payments are subject to offset under the Department of the Treasury offset

program if the prevailing claimant owes a debt to the government at the

time EAJA fees are awarded.

The Fourth Circuit has not specifically addressed, and the <u>Astrue</u>

case did not resolve, whether a court may order the payment of a fee

award directly to a prevailing party's attorney where the party has executed

a valid assignment of any interest in such award.  The Tenth Circuit,

however, has concluded that a district court is not obligated to

acknowledge such assignment, reasoning that a private contractual

arrangement between a claimant and his counsel for the assignment of

fees "does not overcome the clear EAJA mandate that the award is to [the

claimant] as the prevailing party."  <u>Winslow v. Astrue</u>, 269 F. App'x 838,

839 (10th Cir. Mar. 18, 2008).  The Court finds the reasoning of the Tenth

Circuit to be persuasive and most consistent with the Fourth Circuit's

reasoning in <u>Stephens <i>ex rel</i>. R.E. v. Astrue</u>, 565 F.3d 131, 137 (4th Cir.

2009).  Accordingly, the Court concludes that the award of EAJA fees must be awarded directly to the Plaintiff in this case, not the Plaintiff's attorneys.

It is yet to be determined whether the Plaintiff is entitled to past-due benefits.  For this reason, the Court cannot make a determination at this time as to whether an award of fees under § 406(b) would be appropriate. In the event that past-due benefits are awarded on remand, the Plaintiff shall be allowed sixty (60) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to 42 U.S.C. § 406(b).

# O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act [Doc. 13] is hereby **GRANTED** and:

(1)  The Clerk of Court shall enter judgment in favor of the Plaintiff and against the Defendant in the amount of $4,781.70 for attorney's fees and expenses awarded pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

(2)    The Plaintiff is further awarded $350.00 in costs, to be certified by the

Office of the United States Attorney to the Department of Treasury for

payment from the Judgment Fund.

(3)    Defendant shall inform Plaintiff's counsel whether Plaintiff does owe a

debt to the government by which this fee award may be offset no

later than 20 days from the entry of this Order.

**IT IS FURTHER ORDERED** that in the event that past-due benefits

are awarded on remand, the Plaintiff shall have sixty (60) days after being

served with notice of the past-due benefits award to file for an award of

fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).

**IT IS FURTHER ORDERED** that no additional petition pursuant to 28

U.S.C. § 2412(d) shall be filed.

**IT IS SO ORDERED.**

Signed: September 6, 2010

Martin Reidinger
United States District Judge